

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

08 - 20895 CR-UNGARO

Case No.

MAGISTRATE JUDGE
SIMONTON

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 2
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957
18 U.S.C. § 982

**UNITED STATES OF AMERICA**

**vs.**

**JUAN A. MARRERO,**
 a/k/a "Tony,"
**ORLANDO PASCUAL, Jr.,**
**BELKIS MARRERO,**
**DAVID ROTHMAN,**
**LUZ BORREGO,**
**EDA MILANES,**
**KEITH RUSSELL,**
**and**
**JORGE L. PACHECO,**



FILED by _____ D.C.

SEP 2 5 2008

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

                    **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment,

1.     The Medicare Program ("Medicare") was a federal health care program providing

benefits to persons who were over the age of sixty-five or disabled. Medicare was administered by

the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States

Department of Health and Human Services.  Individuals who received benefits under Medicare were

referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.      Part B of the Medicare program covered a limited set of medications, including medications that were administered via injection or infusion and that were furnished as part of a physician service. Injection treatments involve the administration of medication by inserting a syringe directly into a vein, muscle or the fatty tissue beneath the skin. Infusion treatments involve the administration of medication through a catheter into the bloodstream. Medical clinics who met certain criteria could obtain Medicare provider numbers, which allowed them to submit claims directly to Medicare seeking reimbursement for the cost of injection and infusion treatments provided to eligible Medicare beneficiaries.

4.      In order to receive payment from Medicare, a medical clinic was required to submit a health insurance claim form to Medicare. The claims could be submitted in hard copy or electronically. A medical clinic could contract with a billing company to transmit claims to Medicare on its behalf.

5.      Medicare Part B was administered in Florida by First Coast Service Options ("FCSO"), which, pursuant to contract with the United States Department of Health of Human Services, served as a contracted carrier to receive, adjudicate and pay Medicare Part B claims submitted to it by Medicare beneficiaries, physicians, or medical clinics administering injection and infusion treatments. Medicare Part B reimbursed medical clinics directly for the cost of injection and infusion treatments furnished to eligible Medicare beneficiaries provided that those treatments were ordered by a licensed physician who certified that the treatments were medically necessary for the beneficiary.

6.      Medcore Group, LLC. ("Medcore") was a Florida corporation, doing business at 1150 NW 72nd Avenue, Suite 450, Miami, Florida. Medcore was a medical clinic that purportedly provided injection and infusion treatments to HIV/AIDS and cancer patients. Medcore was a Medicare provider and submitted claims directly to Medicare.

7.      M & P Group of South Florida, Inc. ("M&P") was a Florida corporation, doing business at 1150 NW 72nd Avenue, Suite 750, Miami, Florida. M&P was a medical clinic that purportedly provided injection and infusion treatments to HIV/AIDS and cancer patients. M&P was a Medicare provider and submitted claims directly to Medicare.

8.      Defendants **JUAN A. MARRERO, a/k/a "Tony," ORLANDO PASCUAL, Jr.,** and **BELKIS MARRERO**, residents of Miami-Dade County, Florida, owned and controlled Medcore and M&P.

9.      Defendant **DAVID ROTHMAN**, a resident of Miami-Dade County, Florida, was a physician licensed to practice medicine in the State of Florida and was employed by Medcore and M&P. Medcore and M&P submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly furnished to Medicare beneficiaries under the care of **ROTHMAN**.

10.      Defendant **LUZ BORREGO,** a resident of Miami-Dade County, Florida, was employed by Medcore as a medical assistant. Medcore submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly provided to Medicare beneficiaries by **BORREGO**.

11.     Defendant **EDA MILANES**, a resident of Miami-Dade County, Florida, was employed by M&P as a medical assistant. M&P submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly provided to Medicare beneficiaries by **MILANES**.

12.     Defendant **KEITH RUSSELL**, a resident of Miami-Dade County, Florida, was a physician licensed to practice medicine in the State of Florida and was employed by M&P. M&P submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly furnished to Medicare beneficiaries under the care of **RUSSELL**.

13.     Defendant **JORGE L. PACHECO**, a resident of Miami-Dade County, Florida, was employed by M&P as a medical assistant.   M&P submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly furnished to Medicare beneficiaries by **PACHECO**.

**COUNT 1**
**Health Care Fraud Conspiracy**
**(18 U.S.C. § 1349)**

1.     Paragraphs 1 through 13 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     From in or around August 2004, and continuing through in or around November 2006, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JUAN A. MARRERO,**
**a/k/a "Tony,"**
**ORLANDO PASCUAL, Jr.,**
**BELKIS MARRERO,**
**DAVID ROTHMAN,**
**LUZ BORREGO,**
**EDA MILANES,**

**KEITH RUSSELL,**
**and**
**JORGE L. PACHECO,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

3.    It was a purpose of the conspiracy for **JUAN A. MARRERO, ORLANDO PASCUAL, Jr., BELKIS MARRERO, DAVID ROTHMAN, LUZ BORREGO, EDA MILANES, KEITH RUSSELL** and **JORGE L. PACHECO,** and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for injection and infusion treatments; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

-5-

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.     **JUAN A. MARRERO** would maintain a valid Medicare provider number for Medcore in order to submit Medicare claims for the cost of injection and infusion treatments that were medically unnecessary and were not provided.

5.     **BELKIS MARRERO** would maintain a valid Medicare provider number for M&P in order to submit Medicare claims for the cost of injection and infusion treatments that were medically unnecessary and were not provided.

6.     **JUAN A. MARRERO, ORLANDO PASCUAL, Jr.** and **BELKIS MARRERO** controlled the day-to-day operation of both Medcore and M&P.

7.     **ORLANDO PASCUAL, Jr.** and **LUZ BORREGO** and other co-conspirators would offer and pay cash kickbacks and bribes to Medicare beneficiaries who served as patients at Medcore.

8.     **ORLANDO PASCUAL, Jr.** and **EDA MILANES** and other co-conspirators would offer and pay cash kickbacks and bribes to Medicare beneficiaries who served as patients at M&P.

9.     **DAVID ROTHMAN** would conduct a cursory examination of the Medicare beneficiaries and would sign the required documentation, including medical and billing records, in order to make it appear that the injection and infusion treatments billed by Medcore and M&P were medically necessary and provided, when, in fact, they were not.

10.     **LUZ BORREGO** would provide injection and infusion treatments to Medcore patients that were medically unnecessary.

11. **LUZ BORREGO** would fabricate medical and billing records which falsely stated that Medcore patients had received specific dosages of medications by injection or infusion, when, in fact, the patients had not received the treatments or medications reflected on those documents.

12. **KEITH RUSSELL** would conduct a cursory examination of the Medicare beneficiaries and would sign the required documentation, including medical and billing records, in order to make it appear that the injection and infusion treatments billed by M&P were medically necessary and provided, when, in fact, they were not.

13. **EDA MILANES** and **JORGE L. PACHECO** would provide injection and infusion treatments to M&P patients that were medically unnecessary.

14. **EDA MILANES** and **JORGE L. PACHECO** would fabricate medical and billing records which falsely stated that M&P patients had received specific dosages of medications by injection or infusion, when, in fact, the patients had not received the treatments or medications reflected on those documents.

15. Medcore and M&P would bill Medicare for allegedly providing injections and infusion treatments to beneficiaries for more medication than **JUAN A. MARRERO, ORLANDO PASCUAL, Jr., BELKIS MARRERO** and other co-conspirators had purchased from wholesalers.

16. **JUAN A. MARRERO, ORLANDO PASCUAL, Jr., BELKIS MARRERO, DAVID ROTHMAN** and **LUZ BORREGO** would cause Medcore to submit fraudulent claims for approximately $4,040,895 to Medicare for the cost of injection and infusion treatments.

17. **JUAN A. MARRERO, ORLANDO PASCUAL, Jr., BELKIS MARRERO, KEITH RUSSELL, EDA MILANES** and **JORGE L. PACHECO** would cause M&P to submit fraudulent claims for approximately $1,259,291 to Medicare for the cost of injection and infusion treatments.

-7-

18.    The defendants would then transfer and disburse, and cause the transfer and disbursement of, monies in Medcore's and M&P's various corporate bank accounts to themselves and others.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-7**
**Health Care Fraud**
**(18 U.S.C. §§ 1347 and 2)**

1.    Paragraphs 1 through 13 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    From in or around August 2004, and continuing through in or around November 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JUAN A. MARRERO,**
**a/k/a "Tony,"**
**ORLANDO PASCUAL, Jr.,**
**BELKIS MARRERO,**
**DAVID ROTHMAN,**
**LUZ BORREGO,**
**EDA MILANES,**
**KEITH RUSSELL,**
**and**
**JORGE L. PACHECO,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

-8-

## Purpose of the Scheme and Artifice

3.      It was the purpose of the scheme and artifice for the defendants and their co-conspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for medically unnecessary, and non-rendered, injection and infusion treatments.

## The Scheme and Artifice

4.      Paragraphs 4 through 18 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## Acts and Attempted Acts in Execution of the Scheme and Artifice

5.      On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, specifically identified as to each count below, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owed by, and under the custody and control of said health care benefit program:

| Count | Defendants | Medicare Beneficiary | Approx. Date of Alleged Service | Approx. Date of Claim | Services; Approx. Amount Billed; HCPCS Code | Medical Clinic |
|---|---|---|---|---|---|---|
| 2 | JUAN A. MARRERO, BELKIS MARRERO, ORLANDO PASCUAL, Jr., DAVID ROTHMAN and LUZ BORREGO | G.B. | 11/20/04 | 11/22/04 | Gamma Globulin, Intramuscular Injection; $3,150; (J1550) | Medcore |
| 3 | JUAN A. MARRERO, BELKIS MARRERO, ORLANDO PASCUAL, Jr., DAVID ROTHMAN and LUZ BORREGO | G.B. | 3/19/05 | 03/22/05 | Injection, Filgrastim; $1,200; (J1440) | Medcore |

| Count | Defendants | Medicare Beneficiary | Approx. Date of Alleged Service | Approx. Date of Claim | Services; Approx. Amount Billed; HCPCS Code | Medical Clinic |
|-------|------------|----------------------|----------------------------------|------------------------|----------------------------------------------|----------------|
| 4 | JUAN A. MARRERO, BELKIS MARRERO, ORLANDO PASCUAL, Jr., KEITH RUSSELL, EDA MILANES and JORGE L. PACHECO | G.B. | 3/24/06 | 03/24/06 | Injection, Filgrastim; $1,500; (J1440) | M&P |
| 5 | JUAN A. MARRERO, BELKIS MARRERO, ORLANDO PASCUAL, Jr., DAVID ROTHMAN and LUZ BORREGO | R.C. | 7/9/05 | 7/11/05 | Rituximab; $4,500; (J9310) | Medcore |
| 6 | JUAN A. MARRERO, BELKIS MARRERO, ORLANDO PASCUAL, Jr., DAVID ROTHMAN and LUZ BORREGO | R.C. | 9/15/05 | 9/15/05 | Immune Globulin, Intravenous Injection; $1,399; (Q9944) | Medcore |
| 7 | JUAN A. MARRERO, BELKIS MARRERO, ORLANDO PASCUAL, Jr., KEITH RUSSELL, EDA MILANES and JORGE L. PACHECO | R.C. | 7/31/06 | 8/01/06 | Injection, Filgrastim; $1,005; (J1441) | M&P |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 8
### Money Laundering Conspiracy
### (18 U.S.C. § 1956(h))

From in or around December 2004, and continuing through in or around September 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JUAN A. MARRERO,**
**a/k/a "Tony,"**
**ORLANDO PASCUAL, Jr.,**
**and**
**BELKIS MARRERO,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to commit a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), that is: to

-10-

knowingly conduct a financial transaction involving the proceeds of specified unlawful activity, knowing that the property involved in such financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 9-11
### Money Laundering
### (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JUAN A. MARRERO,**
**a/k/a "Tony,"**
**ORLANDO PASCUAL, Jr.,**
**and**
**BELKIS MARRERO,**

did knowingly conduct and attempt to conduct a financial transaction involving the proceeds of specified unlawful activity, knowing that the property involved in such financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity:

-11-

| Count | Defendant | Approximate Date of Transaction | Description of Financial Transaction |
|-------|-----------|-------------------------------|--------------------------------------|
| 9 | ORLANDO PASCUAL, Jr. | 12/15/2004 | The withdrawal of funds using check number 1103, drawn on Medcore's TransAtlantic Bank account xxxxxx3406, made payable to J.R., and in the amount of $9,500. |
| 10 | JUAN A. MARRERO | 11/17/2005 | The withdrawal of funds using check number 1165, drawn on Medcore's Bank of America account xxxxxx1851, made payable to Freejumper Sportfishing, and in the amount of $28,903. |
| 11 | BELKIS MARRERO | 4/26/2006 | The withdrawal of funds using check number 1058, drawn on M&P's Ocean Bank account xxxxxxx1605, made payable to J.R., and in the amount of $3,000. |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 12
### Money Laundering Conspiracy
### (18 U.S.C. § 1956(h))

From in or around December 2004, and continuing through in or around November 2006, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JUAN A. MARRERO,
### a/k/a "Tony,"
### and
### ORLANDO PASCUAL, Jr.,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury to commit a violation of Title 18, United States Code, Section 1957, that is: to knowingly engage in a monetary transaction affecting interstate commerce, involving criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity.

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 13-16
### Money Laundering
### (18 U.S.C. §§ 1957 and 2)

On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JUAN A. MARRERO,
### a/k/a "Tony,"
### and
### ORLANDO PASCUAL, Jr.,

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, involving criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity:

| Count | Defendants | Approximate Date of Transaction | Description of Monetary Transaction |
|---|---|---|---|
| 13 | JUAN A. MARRERO, ORLANDO PASCUAL, Jr. | 12/16/2004 | The withdrawal of funds using check number 1100 in the amount of $80,000, drawn on Medcore's TransAtlantic Bank account xxxxxx3406, made payable to defendant ORLANDO PASCUAL, Jr. |
| 14 | JUAN A. MARRERO | 09/15/2005 | The withdrawal of funds using check number 1104 in the amount of $30,000, drawn on Medcore's Bank of America account xxxxxx1851, and made payable to Caanis Group. |
| 15 | JUAN A. MARRERO, ORLANDO PASCUAL, Jr. | 09/15/2005 | The withdrawal of funds using check number 1103 in the amount of $30,000, drawn on Medcore's Bank of America account xxxxxx1851, and made payable to D.J.G. Group. |
| 16 | ORLANDO PASCUAL, Jr. | 11/30/2006 | The purchase of Ocean Bank cashier's check number 838930 made payable to defendant KEITH RUSSELL, in the amount of $15,000. |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1957 and 2.

## CRIMINAL FORFEITURE
### (18 U.S.C. § 982)

1.      The allegations contained in Counts 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2.      Upon conviction of any violation of Title 18, United States Code, Section 1349 or Title 18, United States Code, Section 1347, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United  States Code, Section 982(a)(7).

3.      Upon conviction of any violation of Title 18, United States Code, Section 1956 or Title 18, United States Code, Section 1957, defendants **JUAN A. MARRERO, ORLANDO PASCUAL, Jr.,** and **BELKIS MARRERO** shall forfeit to the United States any property real or personal, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.      The property which is subject to forfeiture, includes but is not limited to, a money judgment in the amount of $2,511,387 which represents the gross proceeds of the fraud.

5.      Pursuant to Title 21 United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

(A)     cannot be located upon the exercise of due diligence;

(B)     has been transferred, or sold to, or deposited with a third party;

(C)     has been placed beyond the jurisdiction of the Court;

-14-

(D)     has been substantially diminished in value; or

(E)     has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited, any identifiable property in the name of **JUAN A. MARRERO, ORLANDO PASCUAL, Jr., BELKIS MARRERO, DAVID ROTHMAN, LUZ BORREGO, EDA MILANES, KEITH RUSSELL** and **JORGE L. PACHECO.**

All pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(7) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

for R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

KIRK OGROSKY
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

JOHN S. DARDEN
SENIOR TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

-15-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JUAN A. MARRERO, et al.,

                    Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

__X__  Miami  _____  Key West
_____  FTL    _____  WPB    _____  FTP

New Defendant(s)           Yes _____   No _____
Number of New Defendants
Total number of counts     _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:    (Yes or No)    __Yes__
    List language and/or dialect    __Spanish__

4.  This case will take    __20__  days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                          (Check only one)

    I     0  to  5 days          _____        Petty      _____
    II    6  to 10 days          _____        Minor
    III   11 to 20 days          __X__        Misdem.
    IV    21 to 60 days          _____        Felony     __X__
    V     61 days and over       _____

6.  Has this case been previously filed in this District Court? (Yes or No)    __No__
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)    __No__
    If yes:
    Magistrate Case No.    _____
    Related Miscellaneous numbers:    _____
    Defendant(s) in federal custody as of    _____
    Defendant(s) in state custody as of    _____
    Rule 20 from the _____    District of _____

    Is this a potential death penalty case? (Yes or No)    __No__

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to  October 14, 2003?    _____ Yes    __X__  No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    __X__  No

_____
JOHN S. DARDEN
TRIAL ATTORNEY, DOJ
Court No. A5501115

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   JUAN A. MARRERO, a/k/a "Tony"

**Case No:**

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**   10 years' imprisonment

**Counts #:  2-7**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**   10 years' imprisonment per count

**Count #: 8**

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max. Penalty:**    20 years' imprisonment

**Count #: 10**

Money Laundering

18 U.S.C. § 1956(a)(1)(B)(i)

**\*Max. Penalty:**   20 years' imprisonment

**Count #:  12**

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max. Penalty:**   10 years' imprisonment

**Counts #:  13-15**

Money Laundering

18 U.S.C. § 1957

**\*Max. Penalty:**   10 years' imprisonment per count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   ORLANDO PASCUAL, JR.

**Case No:**

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**   10 years' imprisonment

**Counts #:  2-7**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**   10 years' imprisonment per count

**Count #:  8**

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

**Count #:  9**

Money Laundering

18 U.S.C. § 1956(a)(1)(B)(i)

**\*Max. Penalty:**   20 years' imprisonment

**Count #:  12**

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max. Penalty:**   10 years' imprisonment

**Counts #:  13, 15-16**

Money Laundering

18 U.S.C. § 1957

**\*Max. Penalty:**   10 years' imprisonment per count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   BELKIS MARRERO

**Case No:**

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**   10 years' imprisonment

**Counts #:  2-7**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**   10 years' imprisonment per count

**Count #: 8**

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

**Count #:  11**

Money Laundering

18 U.S.C. § 1956(a)(1)(B)(i)

**\*Max. Penalty:**   20 years' imprisonment

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   DAVID ROTHMAN

**Case No:**

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**   10 years' imprisonment

**Counts #:  2-3, 5-6**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**   10 years' imprisonment per count

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   LUZ BORREGO

**Case No:**

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**   10 years' imprisonment

**Counts #:  2-3, 5-6**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**   10 years' imprisonment per count

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**    EDA MILANES

**Case No:**

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**    10 years' imprisonment

**Counts #:  4 and 7**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**    10 years' imprisonment per count

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   KEITH RUSSELL

**Case No**:

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty**:   10 years' imprisonment

**Counts #:  4 and 7**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**   10 years' imprisonment per count

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  JORGE L. PACHECO

**Case No:**

**Count #:  1**

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\* Max.Penalty:**  10 years' imprisonment

**Counts #:  4 and 7**

Health Care Fraud

18 U.S.C. § 1347

**\*Max. Penalty:**  10 years' imprisonment per count

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**Count #:**



**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**